UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'JUAN COLLINS,

                              Plaintiff,

                  -against-

NEW YORK CITY; POLICE OFFICER
LORRAINE RAMOS, SHIELD NO. 20126;
POLICE OFFICER KEITH RODRIGUEZ,
SHIELD NO. 21201; SCOTT STRINGER,
NEW YORK CITY COMPTROLLER; MARK
MURPHY, N.Y. COUNTY ASSISTANT
DISTRICT ATTORNEY; MELISSA JIMENEZ-
DE ARMAS, OFFICIAL COURT REPORTER;
YVONNE NIX, ESQ. LEGAL AID SOCIETY −
ATTORNEY,

                              Defendants.

19-CV-7156 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated in the Otis Bantum Correctional Center on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants, conspiring together,

have undertaken a course of conduct to deprive him of his constitutional rights under the First,

Sixth, and Fourteenth Amendments of the Constitution. By order dated September 18, 2019, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma

pauperis* (IFP).[1]

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff D'Juan Collins alleges the following facts. He was arrested on September 22, 2018, for assaulting his fiancée. He was processed at the 34th Precinct and subsequently transported to Central Booking for arraignment. At the arraignment, the original felony complaint accused Plaintiff of repeatedly kicking his fiancée in the face. Plaintiff asserts that the current felony complaint is not the original and is therefore a fabrication. He believes that the original felony complaint has been "erased from the record." (ECF No. 2 at 8.)[2] The new felony complaint accuses Plaintiff of punching his fiancée in the head, and Plaintiff notes that it is signed by a different police officer.

Plaintiff's attorney, Defendant Yvonne Nix, assured him that she could get him into a program, if he waived his rights under New York Criminal Procedure Law (C.P.L.) § 180.80.[3] Plaintiff therefore agreed to waive his rights, and at the suggestion of his attorney, he started to research programs. Plaintiff contacted the Fortune Society, and after screening, he was given the reasonable assurance that he would be accepted into their program. The Legal Aid Society also assigned a social worker to Plaintiff's case, who interviewed Plaintiff and began interviewing others who know him, including his family and friends. Plaintiff's criminal case was adjourned to allow this process to be completed. Plaintiff, who was hopeful that he would be released to the Fortune Society, gave away his food, clothes, books, and magazines to other detainees, but on

---

[2] Page numbers refer to those generated by the Court's electronic case filing system.

[3] C.P.L. § 180.80 states that there must be a preliminary hearing or grand jury action taken by the district attorney within 120 hours of the arrest (within 5 days or 144 hours if there is a weekend or holiday occurring during confinement). If no action has been taken, as long as the attorney has not consented to the adjournment, the defendant must be released on his own recognizance.

the next court date, he learned that the District Attorney's Office would not consent to the program.

Because Plaintiff believed that Defendant Nix was acting "in concert" with A.D.A. Murphy, Plaintiff began to conduct his own investigation. As a result of his own investigation, Plaintiff reached the conclusion that all Defendants "having conspired together and with others reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights." (*Id.* at 19.). Plaintiff alleges that Defendants fabricated evidence and denied him the right to a fair trial and the effective assistance of counsel. He brings this action seeking monetary damages in the total amount of $620,000.00, and injunctive and declaratory relief.

## DISCUSSION

### A.    Prosecutorial Immunity

Plaintiff's claims against New York County Assistant District Attorney Mark Murphy must be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against this Defendant are based on actions within the scope of his official duties and associated with his conduct during the criminal proceedings. Therefore,

these claims are dismissed because they seek monetary relief against a defendant who is immune

from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d

131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from

conduct that is "intimately associated with the judicial phase of the criminal process").

**B.      Qualified Immunity**

Under the doctrine of qualified immunity, court reporters are shielded from suit for civil

damages as long as their conduct does not violate clearly established statutory or constitutional

rights. *See Antoine v. Byers & Anderson Inc.*, 508 U.S. 429 (1993) (holding that court reporters

are qualifiedly, not absolutely, immune from suit); *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982) (discussing standard for establishing qualified immunity).

Plaintiff alleges that Defendant Melissa Jimenez-De Armas "intentionally and

deliberately fabricated the felony arraignment transcripts . . . in an attempt to cover-up any

reference to the original felony complaint and inserting reference to the new felony complaint in

order to strengthen the prosecution's theory of an otherwise weak case thereby depriving

Plaintiff of a fair trial." (ECF No. 2 at 20.) Plaintiff does not assert any facts that suggest that

Defendant Jimenez-De Armas's conduct violated any of Plaintiff' s clearly established statutory

or constitutional rights. To the extent Plaintiff attempts to assert that inaccurate transcriptions

deprived him of due process, such a claim would fail, because New York has adequate

procedures for correcting alleged inaccuracies in transcripts. *See Curro v. Watson,* 884 F. Supp.

708, 720-23 (E.D.N.Y. 1995), *aff'd*, 100 F.3d 942 (2d Cir. 1996); *see also Burrell v. Swartz*, 558

F. Supp. 91, 92 (S.D.N.Y. 1983) ("No constitutional or federal statutory right exists to an

absolutely accurate trial transcript."). Plaintiff does not allege that he attempted to avail himself

of any procedures to have the allegedly improper transcripts corrected.

5

It appears, therefore, that Plaintiffs' claims against this Defendant must be dismissed on the basis of qualified immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); s*ee also, e.g., Green v. Maraio*, 722 F. 2d 1013, 1019 (2d Cir. 1983) (affirming dismissal of claims against court reporter on basis of qualified immunity, and noting that " allowing . . . dismissal whenever the basis for finding qualified immunity applicable is established by the complaint itself "permit[s] '[i]nsubstantial lawsuits [to] be quickly terminated.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982))).

## C.   Private Defendant

Plaintiff's claims against Legal Aid Attorney Yvonne Nix must be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Yvonne Nix is a private party who does not work for any state or other

government body, Plaintiff has not stated a claim against this Defendant under § 1983.

### D.      No Personal Involvement

Plaintiff's claims against New York City Comptroller Scott Stringer must be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d

865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that

defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior."). An

individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[4]

Plaintiff does not allege any facts suggesting that Scott Stringer was personally involved

in the events underlying his claims. Plaintiff's claims against this Defendant are therefore

---

[4] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]
may have heightened the requirements for showing a supervisor's personal involvement with
respect to certain constitutional violations," the Second Circuit has not yet examined that issue.
*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**E.** **Ongoing Criminal Proceedings**

A search of the records of the New York State Unified Court System reveals that

Plaintiff's criminal proceedings are ongoing and the next scheduled court date is October 10,

2019. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch.

Plaintiff requests that this Court "declare the rights of plaintiff that has [sic] been violated

as aforesaid in plaintiff's certified complaint and that any conviction based upon the criminal

case under Indictment number 03510/2018 and docket number 2018NY038712 would be invalid

as a matter of law." (ECF No. 2 at 32.) The Court cannot grant Plaintiff the relief he seeks.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a

federal court may not enjoin a pending state-court criminal proceeding in the absence of special

circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and

immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37);

*see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one

class of cases in which federal-court abstention is required: When there is a parallel, pending

state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with

respect to his pending state-court criminal proceedings. The Court will therefore not intervene in

those proceedings and dismisses the claims for injunctive and declaratory relief.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff's requests for injunctive and declaratory relief are denied as moot.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 30, 2019
         New York, New York

_____
        COLLEEN McMAHON
     Chief United States District Judge